JUDGE SWAIN

CITY OF N.Y. LAW DEP'T.
OFFICE OF CORP. COUNSEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

2014 JUN 17  PM 4: 17

------------------------------------------------------------X

SHERRY BENDER                          :        CIVIL ACTION

      Plaintiff,                     **14 CV 4386**

      v.                         :        **VERIFIED COMPLAINT**

CITY OF NEW YORK,                      :        **JURY TRIAL DEMANDED**
NEW YORK CITY POLICE DEPARTMENT,       :
P.O. JOHN DOE #1, individually and officially,  :
P.O. JOSEPH STANLEY Shield No. 26841,  :
individually and officially,           :
LT. P.O JOHN DOE # 3, personally and professionally :

      Defendants              :

------------------------------------------------------------X

      Plaintiff Sherry Bender, of New York hereby asserts the following claims against the defendants in the above-entitled action:

## THE PARTIES

    1.    Plaintiff Bender is a citizen of the United States and resident of the State of New York.

    2.    Defendant New York City ("New York") is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, defendant New York, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, employment, and conduct of all New York City Police matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant New York was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

3.    At all relevant times hereto, defendants P.O. John Doe #1 and defendant

P.O. Joseph Stanley, from the "TB ANTI TERRORISM UNIT", and Lt. John Doe #2

were police officers of the NYPD, acting in the capacity of agents, servants and

employees of the defendant New York.  These defendants are sued in their individual and

official capacities.

4.    At all times relevant hereto, defendants P.O. John Doe #1, defendant P.O.

Joseph Stanley, and Lt. John Doe #2, sometimes collectively referred to as the "Officer

Defendants", were acting under the color of state law.

## JURY DEMAND

5.    Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

6.    This action arises out of violations of plaintiff's rights secured under the

14th  Amendment to the United States Constitution, enforceable by 42 USC § 1983,

violation of Article 1, § 6 of the New York State Constitution, unreasonable search and

seizure, false arrest, false imprisonment, excessive force, intentional and negligent

infliction of emotional distress, abuse of process, and malicious prosecution.

7.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and

1343(a) (3) and (4), 1367 and upon pendent jurisdiction.

8.    The acts complained of herein occurred in the Southern District of New

York, and venue is lodged in this Court pursuant to 28 U.S.C. 1391 (b).

9.    The defendant New York is an incorporated municipality in the Southern

District, and venue is lodged in this Court pursuant to 28 U.S.C. 1391 (c).

## STATEMENT OF FACTS

10.    The nature of this claim, includes, but is not limited to: violation of plaintiff's rights secured under the 14th Amendment to the United States Constitution, enforceable by 42 USC § 1983, violation of Article 1, § 6 of the New York State Constitution, unreasonable search and seizure, false arrest, false imprisonment, excessive force, intentional and negligent infliction of emotional distress, abuse of process, and malicious prosecution.

11.    Plaintiff further asserts a claim for respondeat superior liability of the City of New York for all claims. Plaintiff also asserts physical, and emotional pain and suffering, and loss of income were sustained, as a result of the intentional, reckless, careless, and/or negligent acts, as well as the violation of plaintiff's civil rights, by employees, servants and agents of the City of New, acting in the alleged performance of their employment and/or authority with actual or with apparent authority, and as a result of the acts of the City of New York in the supervision and control of their employees, agents, or servants and in the hiring, training, instructing, retaining, and/or supervising the employees, agents, or servants, by which the plaintiff was injured.

12.    On the morning of June 17, 2011, the plaintiff Sherry Bender underwent an emergency root canal in Long Island.  After the surgery, she had an arduous commute from Bayshore via Long Island Railroad and then by subway from Penn Station to 14th Street to catch the L train to First Ave.  She was on the last leg of the route, and nearly home, after a traumatic an unexpected surgery that morning, when Defendant Officers unreasonably and falsely arrested her on the **platform** of the 14th street L train @ 8th Avenue, between six and seven minutes prior to commencement of the train's route (as

3

noted by the overhead neon signs at that time).

13.     Defendant Police demanded Ms. Bender's identification. One defendant Police Officer took her NYS Drivers ID, while the other defendant Police Officer sequestered her.  When the defendant Police Officer returned after an extended period of time (approximately 15 minutes), the defendant Police Officer sequestering Ms. Bender said, "oh shit" to the returning defendant Officer, and then told Ms. Bender, insistently, that she "had assaulted a police officer" and that she "didn't want [them] to know that"!, and then informed Ms. Bender that they were taking her into custody because of the information they learned when accessing her NYS Driver's ID.

14.     Police handcuffed Ms. Bender very tightly behind her back, which did cause two Stage I decubitus ulcers in bilateral wrists, physical and emotional pain and suffering.  She was embarrassed and humiliated while being led through the subway system onto the street and into a police vehicle and then transported to 59th Street Columbus Circle jail cells, where she was incarcerated.

15.     Ms. Bender was deprived of liberty and endured seven (7) hours in captivity either handcuffed very tightly or locked in a filthy cage, without food or liquid, unable to attend to urgent physical need to rest, or to nourish herself, immediately status post emergency root canal en route home from Long Island with an arduous and long commute.

16.     After several hours of imprisonment, Ms. Bender began to cry.  Defendant P.O. John Doe #2 (Lieutenant on duty) responded with the unreasonable threat of further detention via hospital admission against her will.  To wit, defendant Lt. John Doe #2 (Lieutenant on duty) maliciously summoned EMS unnecessarily and directly against Ms.

4

Bender's expressed will – who did not require any emergency medical services for "crying". After EMS arrived and spoke with Ms. Bender, they determined it was a "police matter" and left.

17.     Ms. Bender did not receive nourishment while in custody, although the other prisoners in adjoining cages did. Ms. Bender had just underwent an emergency root canal that morning, had no food in her system for over 24 hours and was additionally prevented from properly nourishing herself for an additional 8 hours due to the unreasonable arrest and incarceration.

18.     Ms. Bender was finally released from confinement at 9:30 PM June 17, 2011 with a Desk Appearance Ticket commanding her to appear in Criminal Court of New York on July 18, 2011 to respond to the charge of "LOC000.00 0V". See <u>POLICE DEPARMENT OF THE CITY OF NEW YORK Desk Appearance Ticket Serial No. 860-0063,</u> hereto attached.

19.     The Plaintiff was traumatized by the events, and furthermore was not even permitted the option to pay a fine for the alleged infraction, rather than having to appear in the Criminal Court and losing another day of work. Paying a fine for the alleged infraction, not out of guilt, but rather as a means to cut the losses from this unreasonable arrest and infliction of harm, was not even a option for this plaintiff. Instead, Ms. Bender was forced to endure the trauma of mandatory appearance in Criminal Court, with the accompanying inability to work and related loss of income.

20.     Ms. Bender accepted the dismissal on July 18, 2011 in order to most expediently end the malicious prosecution and the ensuing damage and related trauma and loss of income.

21.     Within ninety days after claim arose, Plaintiff filed a Notice of Claim upon Defendant City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

22.     The Notice of Claim was in writing, sworn to by the Plaintiff and contained the name and address of the Plaintiff.

23.     The Notice of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by the Plaintiff.

24.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

25.     At all times herein, the individual Defendants from the Squad know to be the "TB ANTI TERRORISM UNIT" had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, detain and cause unnecessary fear, humiliation, embarrassment, loss of income, physical and emotional pain and suffering to the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows: monetary compensation for injuries to plaintiff's well-being, the full extent of which are as yet not fully determined, including but not limited to loss of income, damages for physical and emotional pain and suffering, compensatory and punitive damages, and diverse general and special damages, and damages under 42 U.S.C. §1983, including reasonable fees and costs.

**WHEREFORE**, Plaintiff demands judgment, including interest, jointly and severally against the above named Defendants, including the City of New York, liable

under the doctrine of respondeat superior, in an amount not less than $150,000.00, and

such other relief deemed by this Court to be just and equitable.

      I declare under penalty of perjury that the foregoing is true and correct.

DATED:  New York, NY
           June 17, 2014

                              Sherry Bender
                              Plaintiff (Pro-Se)
                              506 E. 11 Street #1A
                              New York, NY 10009
                              Tele. #: 212-260-6929
                              E-mail: sherrybender@me.com



# POLICE DEPARTMENT OF THE CITY OF NEW YORK
## Desk Appearance Ticket

Precinct of Arrest : 006                    DAT Serial No. : 860-00633                    OLBS Arrest-ID : M11653792

The People of the State of New York VS.

Defendant Name : BENDER, SHERRY,
Defendant Address: 506 EAST 11 STREET, 1A,          Age: 53 yrs                    Date of Birth: 10/23/1957
MANHATTAN, NY 10009

You are hereby summoned to appear in the Criminal Court of the City of New York, to answer a criminal charge made against you.

Top Offense Charged : LOC000.00 0V
County: New York                    Arraign/Part: DAT              Time: 09:30 AM          Date: 07/18/2011
At LOC: 100 Centre Street, New York, NY 10003                     Room: _____

### Instructions for Defendant

<u>You must appear at the time and date indicated above, and present this form to the court clerk.</u>

Should you fail to appear for the offense charged above, in addition to a warrant being issued for your arrest, you may be charged with additional violations of the penal law which upon conviction may subject you to a fine, imprisonment or both. Additionally, if you fail to comply with the directions of this Desk Appearance Ticket, any bail paid will be subject to forfieture.

Additional Instructions : ___must___Appear_____

_____

### Acknowledgement of Defendant:

I, the undersigned, do hereby acknowledge receipt of the above Desk Appearance Ticket, personally served upon me, and do agree to appear as indicated.

Defendant Signature:                    Time: 21 : 42          Date: 6 /7 / 11

*Bender*

Photographed by:                         Time: 17 : 00          Date: 6 /17 / 11

*P O Joseph*

FingerPrinted?: __

Arresting Officer: JOSEPH,          Shield: 2684 1          Rank: POM          Tax Reg.: 948361
STANLEY

Squad: TB ANTI TERRORISM UNIT          Command: 849                    Agency: NYPD

Address of Agency if not NYPD: _____

Was cash bail accepted?: __                    Amount: $___

*Stanley Joseph.*                    *6 17 11*                    _____
Signature Issuing Officer                     Date                    Signature Desk Officer