```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                :
SHERRY BENDER,                                  :
                        Plaintiff,              :    OPINION AND ORDER
                                                :
        -v.-                                    :    14 Civ. 4386 (LTS) (GWG)
                                                :
CITY OF NEW YORK et al.,                        :
                                                :
                        Defendants.             :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sherry Bender, who is proceeding pro se, brought this action under 42 U.S.C. § 1983 against the City of New York, Officer Stanley Joseph, and two defendants who are each identified as "John Doe." Bender now moves to amend the complaint to name the two John Doe defendants (Docket # 18). Defendants oppose the motion (Docket # 20). For the reasons that follow, plaintiff's motion is denied.

I.   BACKGROUND

The complaint alleges that on June 17, 2011, Bender was arrested on the L train platform of the subway station at 14th Street and 8th Avenue. See Complaint, filed June 17, 2014 (Docket # 1) ("Compl."), ¶ 12. Two police officers handcuffed her "very tightly behind her back" and transported her to the jail at 59th Street Columbus Circle, where she was detained for seven hours. Id. ¶¶ 13-15. After some time, one of the unnamed defendants, described in the complaint as the "Lieutenant on duty," summoned medical services to the jail against Bender's wishes. See id. ¶ 16. Bender was released from jail later that day and given a Desk Appearance Ticket requiring her to appear in the Criminal Court the next day to respond to the charge. Id.

1

¶ 18; Police Department of the City of New York Desk Appearance Ticket, attached to Compl. The Desk Appearance Ticket was issued and signed by Officer Stanley Joseph the individual defendant who has been named.[1] Officer Joseph was also apparently one of the officers who arrested Bender on the subway platform. See Compl. ¶¶ 3, 12, 25. Bender alleges a number of claims arising out her arrest, including unreasonable search and seizure, false arrest, false imprisonment, excessive force, intentional and negligent infliction of emotional distress, abuse of process, and malicious prosecution. See id. ¶ 10.

Bender filed her complaint on June 17, 2014, three years to the day after her arrest. On November 24, 2014, Bender wrote a letter seeking to "amend the caption only" to add the names of the "recently identified" John Doe defendants. See Letter from Sherry Bender, filed Dec. 17, 2014 (Docket # 18) ("Pl. Ltr."), at 1. Defendants opposed this request in a letter filed December 18, 2014 (Docket # 20) ("Def. Ltr."). We treat this request as a motion to amend the complaint. See generally Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("[R]eplacing a 'John Doe' with a named party in effect constitutes a change in the party sued.").

II.   DISCUSSION

Fed. R. Civ. P. 15(a)(2) instructs courts to "freely give leave [to amend a complaint] when justice so requires." Accord Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, leave to amend may be denied where there is "undue delay, bad faith, . . . undue prejudice to the opposing party . . . , [or] futility of amendment." Id.; accord Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus.

---

[1] Officer Joseph is identified in complaint as "Joseph Stanley." See Compl. at 1.

Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)).  Thus, an amendment is futile if the claim proposed to be added would be barred by the applicable statute of limitations.  See, e.g., Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

Defendants oppose Bender's request to amend the complaint because they contend Bender's claims against any newly added defendants would be barred by the applicable statute of limitations.  See Def. Ltr. at 2.  We begin by discussing the statute of limitations issue and then turn to the question of whether any "relation back" doctrine can save Bender's claims against the officers.

    A.    Statute of Limitations

Section 1983 itself does not provide a statute of limitations.  See 42 U.S.C. § 1983; Hogan v. Fisher, 738 F.3d 509, 517 (2d Cir. 2013).  "Thus, courts apply the statute of limitations for personal injury actions under state law."  Hogan, 738 F.3d at 517 (citing Owens v. Okure, 488 U.S. 235, 249-51 (1989) and Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002)).  For § 1983 actions filed in New York, the applicable statute of limitations is § 214 of the Civil Practice Law and Rules ("CPLR"), which allows three years to file suit.  See id. (citing Pearl, 296 F.3d at 79 and N.Y. C.P.L.R. § 214 (McKinney 2014)).  A cause of action under § 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action."  E.g., Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (quotation marks and citation omitted).

As of June 17, 2011, the date of her arrest, Bender knew of the injuries that form the basis of this action, and thus her cause of action accrued on that date.  Bender filed her complaint three years later — that is, on the last day of the limitations period.  Her request to amend the

complaint to name the two new defendants was made on November 24, 2014, and thus came after the limitations period had expired. See Pl. Ltr. at 1. The fact that Bender named "John Doe" defendants in the original complaint is of no moment. As the Second Circuit has held, "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Hogan, 738 F.3d at 517 (quoting Aslanidis, 7 F.3d at 1075). However, such a substitution is possible where the requirements of Fed. R. Civ. P. 15(c) are satisfied. See id. If those requirements are satisfied, the amendment is deemed to "relate back" to the filing date of the original complaint. Id. Additionally, as described below, state law may provide for "relation back" in some instances.

    B.    Relation Back

Two provisions of Rule 15(c) are relevant here: Rule 15(c)(1)(C) and Rule 15(c)(1)(A).

    1.    Rule 15(c)(1)(C)

First, an amendment will be deemed to relate back to the filing date of the original complaint if the requirements of Rule 15(c)(1)(C) are satisfied. Those requirements are:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan, 738 F.3d at 517 (alterations and emphasis in original) (quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468-69 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1995)). As to the third requirement, the Second Circuit has held that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be

4

characterized as a mistake." Barrow, 66 F.3d at 470. In Barrow, the Second Circuit held that the plaintiff could not amend the complaint to add the names of John Doe defendants where the defendants were unnamed merely on the basis that plaintiff "did not know the arresting officers' names." Id. If Barrow controls, Bender cannot satisfy Rule 15(c)(1)(C)(ii), as the John Doe defendants were unnamed because Bender did not know their names at the time she filed the complaint; rather, she first learned this information only when the named defendants made their initial disclosures on November 6, 2014. See Pl. Ltr. at 1.

Several cases have questioned whether Barrow is still good law after the Supreme Court's decision in Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010). The plaintiff in Krupski had sustained injuries aboard a cruise ship, and in the ensuing lawsuit she named "Costa Cruise Lines" as the defendant. See id. at 541, 543. Costa Cruise Lines, however, was not the carrier responsible for the ship. See id. at 542. Rather, the responsible carrier was "Costa Crociere," which was identified as the proper defendant on the plaintiff's passenger ticket. See id. The plaintiff sought to amend the complaint to add Costa Crociere as a defendant after the statute of limitations had expired. See id. at 543-44.

The question in Krupski was whether the defendant knew that, "absent some mistake, the action would have been brought against him" under Rule 15(c)(1)(C)(ii). Id. at 549. In addressing this question, Krupski rejected Costa Crociere's argument that the amendment should be denied simply because it believed the plaintiff had not made a mistake. See id. at 549, 555. The Court noted that "Costa Cruise and Costa Crociere are related corporate entities with very similar names," which suggested that Costa Crociere should have known the plaintiff had made a mistake. Id. at 556. The Court stated generally that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's

5

knowledge or its timeliness in seeking to amend the pleading." Id. at 541. Krupski ultimately held that "Costa Crociere should have known that Krupski's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity." Id. at 557. As one court put it, "[a]ll the Krupski Court held was that a mistake could not be inferred from the fact that the plaintiff knew of the proper defendant's existence." Vasconcellos v. City of New York, 2014 WL 4961441, at *7 (S.D.N.Y. Oct. 2, 2014) (citation omitted). In other words, Krupski did not address the issue of whether there was a "mistake" to begin with. See Dominguez v. City of New York, 2010 WL 3419677, at *3 (E.D.N.Y. Aug. 27, 2010) ("Krupski merely picks up where Barrow left off. Barrow asked whether a mistake has been committed; Krupski assumes the presence of a mistake and asks whether it is covered by Rule 15(c)(1)(C)(ii).").

Krupski is thus distinguishable from cases like Barrow and this case, which involve John Doe defendants. In Krupski, the plaintiff mistakenly sued the wrong entity based on a "misunderstanding" of the two known entities' "status or liability." Anderson v. City of Mount Vernon, 2014 WL 1877092, at *4 (S.D.N.Y. Mar. 28, 2014). Under the circumstances, that sort of mistake should have been apparent to Costa Crociere, which was the proper defendant. Here, Bender did not make a "mistake" as that term was construed in Barrow. Bender knew that the persons she wanted to name as defendants were the second police officer who arrested her on June 17, 2011, and the lieutenant who was on duty while she was held in jail that day. She filed a complaint against two "John Doe"s not because she believed by "mistake" that these two individuals were named "John Doe" or because of any misunderstanding about their status or liability, but because she did not know their names. In other words, Bender was merely "ignorant, not mistaken," and "[n]othing in Krupski upsets the commonsense conclusion that

ignorance and error are different mental states." Vasconcellos, 2014 WL 4961441, at *7.

We recognize that some courts have read Krupski more broadly, concluding that it overturned Barrow. See Smith v. City of New York, 1 F. Supp. 3d 114, 120-21 (S.D.N.Y. 2013) (citing Bishop v. Best Buy, Co. Inc., 2010 WL 4159566, at *3 (S.D.N.Y. Oct. 13, 2010)). We find the reasoning in these cases to be unpersuasive, at least in a case where John Doe defendants are named. For example, Bishop did not address whether the plaintiff had made a "mistake"; rather, it discussed only the issue of whether the defendants had "notice" of the suit. 2010 WL 4159566, at *3. Limiting the analysis to this issue, however, ignores the "mistake" element of Rule 15(c)(1)(C)(ii). See Vasconcellos, 2014 WL 4961441, at *7 ("[I]t is not enough under Rule 15 that a defendant knew that the action would have been brought against it. Rather, the defendant must have known that the action would have been brought against him but for a mistake concerning the proper party's identity.") (emphasis in original) (internal quotation marks omitted).

For these reasons, we conclude that the rule in Barrow still governs this case. In so doing, we join many other courts in this circuit that have reached a similar conclusion. See, e.g., Vasconcellos, 2014 WL 4961441, at *7; Anderson, 2014 WL 1877092, at *4; Lewis v. City of New York, 2013 WL 6816615, at *6 (E.D.N.Y. Dec. 24, 2013), aff'd, 2015 WL 364176 (2d Cir. 2015); Felmine v. City of New York, 2012 WL 1999863, at *4 (E.D.N.Y. June 4, 2012); Rodriguez v. City of New York, 2011 WL 4344057, at *9 (S.D.N.Y. Sept. 7, 2011); Dominguez, 2010 WL 3419677, at *3.

Under the rule announced in Barrow, Bender has not satisfied the third requirement of Rule 15(c)(1)(C) and therefore cannot rely on that provision to allow the proposed amended complaint to relate back to the filing date of the original complaint.

      2.    Rule 15(c)(1)(A)

An amendment will also be deemed to relate back to the date of the original complaint if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). As discussed above, the applicable statute of limitations is provided by New York state law, and we must therefore look to that "body of limitations law" to ascertain whether it would allow relation back in this case. Hogan, 738 F.3d at 518 (emphasis omitted).

      I.    N.Y. C.P.L.R. § 1024

The first relevant provision of New York law is § 1024 of the CPLR, which applies specifically to John Doe defendants. Id. Section 1024 states that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024 (McKinney 2014). To take advantage of this provision, a party must satisfy two requirements. Hogan, 738 F.3d at 519 (citing cases). "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Id. (quoting Bumpus v. N.Y.C. Transit Auth., 66 A.D.3d 26, 29 (2d Dep't 2009) (internal quotation marks omitted). To satisfy this requirement, a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." Strada v. City of New York, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting Justin v. Orshan, 14 A.D.3d 492, 492-93 (2d Dep't 2005)) (quotation marks omitted). These efforts might include, inter alia, serving discovery demands on any known parties or seeking disclosures pursuant to a Freedom of Information Law request. Williams v. United States, 2010 WL

963474, at *12 (S.D.N.Y. Feb. 25, 2010) (citing Bumpus, 66 A.D.3d at 33-34). "Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Hogan, 738 F.3d at 519 (quoting Bumpus, 66 A.D.3d at 30 and citing cases) (internal quotation marks and alteration omitted).

Here, Bender has not met the first requirement of § 1024. She first learned the identities of the unnamed defendants from defendants' initial disclosures of November 6, 2014. See Pl. Ltr. at 1. Bender does not contend that defendants provided this information in response to any query from her. Indeed, she does not describe any efforts she made to identify the unnamed defendants. Although she filed her complaint at the end of the statutory time period, she could have attempted to discover the names of the John Doe police officers who were involved with her arrest and detention before filing by making a Freedom of Information Law request, or, as the pro se plaintiff did in Ceara v. Deacon, 2014 WL 6674559, at *7 (S.D.N.Y. Nov. 25, 2014), contacting an official of the John Doe defendants' employer to request their names. Here, there is no evidence that she did either of these things or that she made any other attempt to learn the names of the John Doe defendants prior to the expiration of the statute of limitations. Because of the complete lack of evidence as to Bender's due diligence, § 1024 will not permit the relation back of her requested amendment to the date of the filing of the original complaint. See, e.g., JCG v. Ercole, 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2012) (plaintiff did not satisfy the diligence requirement of § 1024 because he waited until the statute of limitations had nearly run to file his complaint, and "appear[ed] to have expended no efforts at all to identify the [i]ndividual [d]efendants in the three years" that followed the events that gave rise to his complaint such as by seeking "disclosures pursuant to a Freedom of Information Law . . . request or writ[ing] letters to the Attorney General's Office") (internal quotation marks and citation

omitted).

                        ii.        N.Y. C.P.L.R. § 203(c)

A party may also seek relation back for a previously unknown defendant under New York's general relation back statute, CPLR § 203(c). Strada, 2014 WL 3490306, at *6 (citing Bumpus, 66 A.D.3d at 32). Under this provision, an amendment relates back to a timely filed pleading when:

> (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

JCG, 2014 WL 1630815, at *15 (quoting Fisher v. Cnty. of Nassau, 2011 WL 4899920, at *5 (E.D.N.Y. Oct. 13, 2011)) (quotation marks omitted).

As discussed above, in the Rule 15(c)(1)(C) context, the failure to name a defendant whom the plaintiff knows must be named does not constitute a "mistake." The third prong of § 203(c) "employs the same standard as the federal rule." Sloane v. Town of Greenburgh, 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005) (citations omitted); see also Buran v. Coupal, 87 N.Y.2d 173, 179 (1995) (noting that § 203 was largely modeled after Rule 15(c) of the Federal Rules of Civil Procedure) (citation omitted). Because Bender cannot satisfy Rule 15(c)(1)(C)'s "mistake" element, she cannot satisfy § 203(c) either.

III.      CONCLUSION

For the foregoing reasons, Bender's proposed amendment would not relate back to the filing date of her original complaint. Given that the statute of limitations has run, amending the complaint to add the names of the two John Doe defendants would therefore be futile.

Accordingly, Bender's motion to amend the complaint to name the two John Doe defendants (Docket # 18) is denied.

    SO ORDERED.

Dated: February 10, 2015
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:
Sherry Bender
506 E. 11th Street, #1A
New York, NY 10009

11